Smith, J.
We are of the opinion that there should be a decree in favor of the plaintiff in this case, We think the evidence sufficiently shows that Mrs. Minor has not personal or real property subject to levy on execution sufficient to satisfy the judgment of the plaintiff, and that the' latter has the right to have her equitable interest as mortgagor in the real estate in question, or in the other property or rights mentioned in the petition, subjected to the payment of his said judgment in accordance .wilh the provisions of section 5464 Revised Statutes, unless the defense interposed, that there is another action pending between the same parties for the same cause, in the United States court for the south- *55 era district of Ohio, is true, and is a bar to the prosecution of this action.
Morey, Andrews & Morey, for Voorhees.
Lawrence Maxwell, Millikin, Shotts & Millikin and J. J. McMakin, for Mrs. Minor.
We think it clear that such is not the case. That in the first place there is no such action pending in such court. It is true that an action was there commenced by a person having liens on other real estate in which Mrs. Minor was interested, seeking by his creditor's bill in that case, to subject such other real estate to the payment of his claim, and that Mr. Voorhees as the holder of a lien on that property was made a party to the action and called on to set up any claim which he might have against the same, and that by his answer he did so, but in that asserted no claim against the property affected in this case. Other parties to the suit however, claiming an interest in the real estate described in the petition in that case, and also in this case, sought by cross-petition to bring before the United States court in that case, questions involving the real estate in this case described. But no service of process on such cross-petitions was made on Mr. Voorhees or other parties, or appearance entered in. any way, and we think it is clear on the authorities cited that in such case the questions raised or attempted to be raised are not before the court, and it can not properly adjudicate upon them, and in our opinion Mr. Voorhees had the clear right to commence and prosecute his action against the property mentioned in his petition, and if he can obtain a decree, before one is properly enterad in the United States court, on due service of process on such cross-petitions in the other court, such decree will, while it stands, be conclusive and binding against all of the parties to the cause.
This renders it unnecessary for us to pass upon the question suggested in argument, whether the pendency of another action between the same parties for the same cause in the United States court is a good defense to an action brought in the state courts. It is held by some courts that it is not. See cases cited in 5th C. C., 432-3. Decree for plaintiff.